[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

**FILED**

EY

6/13/2022

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

Romero Jackson #B43511

Plaintiff

vs

Wexford Health Sources, Inc.

Boswell Pharmcy Services, Inc.

Warden David Gomez;

Warden Kenneth Osborn;

Lucesita Galinda; J. Malcom;

Kelly Threm; Lilybeth Segarra;

Michelle Smith;

Medical John/Jane Doe,

Defendant(s).

SCANNED AT STATEVILLE CC and E-mailed

6-13-22 by CK 67 pages

date        initials    No.

Case No: 22-cv-1297

(To be supplied by the Clerk of this Court)

Judge John Z. Lee

Magistrate Judge Heather K. McShaw.

**CHECK ONE ONLY:**          **AMENDED COMPLAINT**

X        **COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983 U.S. Code** (state, county, or municipal defendants)

_____        **COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE 28 SECTION 1331 U.S. Code** (federal defendants)

_____        **OTHER** (cite statute, if known)

*BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR FILING." FOLLOW THESE INSTRUCTIONS CAREFULLY.*

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

**I.      Plaintiff(s):**

A.      Name: Romeo Jackson

B.      List all aliases: N/A

C.      Prisoner identification number: B43511

D.      Place of present confinement: Stateville Correctional Center ("Stateville")

E.      Address: 16830 S Broadway St. P.O Box 112 Route 53 Joliet, IL 60434

(If there is more than one plaintiff, then each plaintiff must list his or her name, aliases, I.D. number, place of confinement, and current address according to the above format on a separate sheet of paper.)

**II.     Defendant(s):**
(In **A** below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Space for two additional defendants is provided in **B** and **C**.)

A.      Defendant: Wexford Health Sources, Inc. ("Wexford")

Title: Private for-profit Health Services Provider

Place of Employment: Self / Illinois Department Of Corrections ("IDOC")

B.      Defendant: Boswell Pharmacy Services, LLC ("Boswell")

Title: Wexford's sub-contractual Pharmacy Service Provider

Place of Employment: Self / Wexford / IDOC

C.      Defendant: Warden David Gomez ("Warden Gomez")

Title: Chief Administrative Officer / Warden of Stateville

Place of Employment: Stateville / IDOC

(If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

(Continued Page #3 infra)

- 2 -

Revised 9/2007

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

II. Defendants: (Continued from page #2 supra)

D. Defendant Kenneth Osborn ("Warden Osborn")
Title: Assistant Warden at Stateville
Employment: Stateville / IDOC

E. Defendant Lucesita Galuda ("Galuda")
Title: Stateville-site Health Care Unit Administrator
Employment: Stateville / IDOC

F. Defendant J. Malcom ("Malcom")
Title: Stateville site Health Care Unit Administrator
Employment: Stateville / IDOC

G. Defendant Kelly Threm ("Threm")
Title: Wexford-site Pharmacy Technician
Employment: Wexford / Stateville

H. Defendant Lilybeth Segarra ("Segarra")
Title: Wexford-site Director of Nursing ("D.O.N.")
Employment: Wexford / Stateville

I. Defendant Michelle Smith ("Smith")
Title: Wexford-site D.O.N.
Employment: Wexford / Stateville

(Continued on page #4 infra)

-3-

II. Defendants: (Continued from page #3 supra)


J. Defendant: Medical John/Jane Doe ("John/Jane Doe")
   Title: Wexford and/or IDOC Medical Staff
   Employment: Wexford / Stateville / IDOC

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

III. **List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:**

A. Name of case and docket number: _JACKSON v. FAIRMAN et al_
   _No 92-C-4498_

B. Approximate date of filing lawsuit: _1992 (Approximate date ~~two~~_

C. List all plaintiffs (if you had co-plaintiffs), including any aliases: _____
   _Romeo Jackson_

D. List all defendants: _J.W Fairman (Plaintiff does not recall names of additional Defendants)_

E. Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): _US District Court, Northern District of Illinois_

F. Name of judge to whom case was assigned: _Judge Kocoras_

G. Basic claim made: _Excessive Use of Force_

H. Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): _Settlement_

I. Approximate date of disposition: _Does Not Recall_

(Continued on page #6 infra)

**IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.**

Revised 9/2007

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

III. Lawsuit(s): (Continued from Page #5, supra)

(2). A. Jackson v Shawgo   No 95-C-931.

    B. 1995 (Approximate date unknown).

    C. Plaintiff Romeo Jackson.

    D. Defendant William Shawgo.

    E. U.S. District Court, Northern District of Illinois

    F. Judge Kocoras.

    G. Excessive use of force.

    H. Settlement

    I. Does not recall.


(3) A. Jackson v Washington, et al.  No 99-C-4225.

    B. 1999 (Approximate date unknown).

    C. Plaintiff Romeo Jackson

    D. Defendant(s): Odie Washington; Dr. Sood, (other Defendants unable to recall.)

    E. U.S. District Court, Northern District of Illinois.

    F. Judge Kocoras.

    G. Medical / Refusal to see specialist.

    H. Dismissed at initial stage and appealed, which was denied.

    I. August of 1999 and denial of appeal, do not recall date

(Continued on Page #7 infra)

III. Lawsuit(s): (Continued from Page #6  supra)


(4)  A.  Jackson v Ghosh et al.,   No. 08-C-2597

     B.  2008 (Approximate date unknown)

     C.  Plaintiff Romeo Jackson.

     D.  Defendant(s): Dr. Ghosh, Dr. Aguinaldo, Dr. Williams,
         Dr. Mitchell, Ms. V. Wright, Mr. Dominguez, Ms. V.C. Vance.

     E.  U.S. District Court, Northern District of Illinois.

     F.  Judge Kocoras

     G.  Medical.

     H.  Settlement.

     I.  Does not recall.


(5)  A.  Jackson v Randle et al   No 09-CH-41349
         Transferred to Sangamon County, Illinois No 10-CH-406.

     B.  October 23, 2009.

     C.  Plaintiff Romeo Jackson.

     D.  Defendant(s): Michael P. Randle, Tony Small, Anthony
         Ramos, Illinois Department of Corrections.

     E.  Filed in Circuit Court of Cook County, Illinois, transferred
         to Circuit Court for Seventh Judicial Circuit, Sangamon County
         Illinois.

     F.  Does not recall Judge in either county.

     G.  Violation of 730 ILCS 5/3-7-2a (over charging)

     H.  Case dismissed. Appeal to Illinois Appellate Court and
         Illinois Supreme Court, both denied.

(Continued on page #8, infra)

-7-

III. Lawsuit(s). (Continued from Page #7, supra)

(5) (Continued)

    I. Does not recall any dates of disposition.

(6). A. <u>Jackson v Wexford Health Sources Inc etal</u>. No 12-3109.

    B. 2012 (Approximate date unknown)

    C. Plaintiff Romeo Jackson

    D. Defendant(s)' Wexford (other Defendants unable to recall)

    E. US District Court, Northern District of Illinois.

    F. Judge John Z. Lee.

    G. Lack of Medical Treatment.

    H. Settlement.

    I. Does not recall.

(7). A. <u>Jackson v Wexford Health Services Inc etal</u> No 17-1861.

    B. 2017 (Approximate date unknown)

    C. Plaintiff Romeo Jackson

    D. Defendant(s) Wexford (other Defendants unable to recall)

    E. U.S. District Court, Northern District of Illinois.

    F. Judge John Z. Lee

    G. Lack of Medical Treatment.

    H. Settlement.

    I. Approximately November, 2020.

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

IV.    **Statement of Claim:**

State here as briefly as possible the facts of your case. Describe how each defendant is involved, including names, dates, and places. **Do not give any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

Parties

(1) Plantiff Romeo Jackson is a prisoner currently and at all relevant times to this cause of action is incarcerated in Joliet, Illinois at Stateville and under the control and care of IDOC.

(2) Defendant Wexford is being sued in its official and individual capacity as Wexford maintains Administrative and supervisory authority, for the training of its employees directly and/or assigned/designated employees over the operations and the conditions at Stateville's Health Care Unit ("H.C.U.") and site-pharmacy, including both written and unwritten (ie "practices" and "customs"), policies and procedures that harmed Plantiff and constituted a "continual violation"

(3) Defendant Wexford has personal knowledge of Plantiff's grievances as relates to the denial and/or delay of adequate medical care and treatment

Revised 9/2007

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

At Stateville, inter alia, prescription medication being out of stock, delays in delivery, refills and/or renewal of said medications. Wexford being on notice, inter alia, through data collected pursuant to contractual agreement, policy, IDOC/Stateville grievance procedure and previous litigation, based upon information and belief. During all times relevant to this cause of action, having acted under the color of state law.[1]

    (4) That Defendant Boswell is a for-profit Pharmacy Service being sub-contracted by Defendant Wexford, who based upon information and belief is paid $12,540,000. (i.e being established at 13.816% of Wexford/IDOC contract)

    (5) Defendant Boswell's responsibility and duty, inter alia, is providing pharmacy services, both prescription and over-the-counter, including but not limited to "ordering, stocking, supplying and managing medications"; "maintaining medication delivery systems", "supplies associated with medication" and "clinical Pharmaceutical Support Services."

---

[1] All named Defendants' acts or omissions were at all relevant times as relates to this cause of action, having acted under the color of state law, being sued in both their official and individual capacity and as such is incorporated herein by Reference and not repeated for the sake of brevity. Additionally, Defendant(s) Wexford, Boswell, Warden Gomez and Warden Osborn will be responsible to ensure any injunctive relief granted is fulfilled

(6) Defendant Warden Gomez, formerly Chief Administrative Officer ("CAO") at Stateville, who maintains Administrative and supervisory authority over the operations and living conditions, including Health Care Services, including policies and that harm Plaintiff and constituted a "continual violation" regarding the inadequate and unconstitutional health care treatment within the HCU and Pharmacy, including policy and procedure enforcement thereof, being known to exist by and were enforced at Warden Gomez's direction, with his knowledge, consent and willingly turning a blind-eye to the constitutional violations as set forth herein.

(7) Defendant Warden Osborn is the Assistant Warden of programs, directly, under Warden Gomez and the same facts as set forth in Par "6 supra apply to Warden Osborn, being reasserted and incorporated herein as if fully set forth herein by reference.

(8) Defendant Galinda is Stateville's site Health Care Unit Administrator ("HCUA"), who's responsibility and duty, inter alia, to supervise and oversee the operations and activities of HCU and Pharmacy, including policy, practice and customs that harm Plaintiff and constituted a "continual violation" with personal knowledge of Plaintiff's grievances regarding the inadequate and unconstitu-

tional health care and treatment at HCU and Pharmacy being known to exist by Defendant Galindo, being personally involved in directly addressing Plaintiff's grievances, with her knowledge, consent and willingly turning a blind-eye to the constitutional violations as set forth herein and attempted to cover-up said violations.

(9) Defendant Malcom was Stateville's site H.C.U.A., prior to Defendant Galindo and the facts as set forth in Par #8 supra, apply to Defendant Malcom, being reasserted and incorporated herein as if fully set forth herein by reference.

(10) Defendant Thren being Wexford's site Pharmacy Technician, who's responsibility and duty being under the supervision of Wexford's site Director of Nurses ("D. of N.") inter alia is to "Fax medication orders to Defendant Boswell" and "prepare medication for delivery to offenders at Stateville", including this Plaintiff; "check in medication received and verify the medication order and notify pharmacy of any error or discrepancies", "ensure all medications are properly packaged, labeled and prepared for distribution", "assist with maintaining of pharmacy records, of inventory and audit procedures and records"

(11) Defendant Threen's acts and omissions, involving policy, practice and custom, caused harm to Plaintiff and constituted a "continual violation" with personal knowledge of Plaintiff's grievances relating to the inadequate and unconstitutional health care and treatment within HCC and specifically Pharmacy, being known to exist by Defendant Threen, personally involved in addressing Plaintiff's grievances, with her knowledge, consent and willingly turning a blind-eye to said constitutional violations as set forth herein and attempted to cover up said violations.

(12) That Defendant Segarra being Wexford's site D.O.N. who's responsibility and duty, inter alia, to coordinate and supervisor all nursing functions at Stateville's H.C.U. and Pharmacy, nurse audits, the development of nursing policies and procedure including but not limited to "Nurse Sick Call" ("NSC") which includes policy, practice and customs that harm Plaintiff and constituted a "continual violation" with personal knowledge of Plaintiff's grievances relating to the inadequate and unconstitutional health care and treatment, being known to exist by said Defendant, being personally involved in directly addressing Plaintiff's grievance, with her knowledge, consent and willingly

turning a blind eye to said constitutional violation as set forth herein and attempted to cover-up said violation.

(13) Defendant Smith, being Wexford's site-D.O.N. subsequent to Defendant Segarra and the facts as set forth in Par #12 supra, apply to Defendant Smith, being reasserted and incorporated herein as if fully set forth herein by reference

(14) Defendant Medical John/Jane Doe are Defendant Wexford and/or IDOC site medical personnel at Stateville's H.C.U. and Pharmacy or areas related thereto, who have personal knowledge and directly and/or indirectly involved with the medical care and treatment of Plaintiff, or lack thereof and as result of following Defendant Wexford's policy practice and customs, which caused and/or contributed to Plaintiff's harm and suffering, and constituted a "continual violation" in their respective capacity, based upon personal observation and pursuant to job duty and responsibility, with their knowledge consent and willingly turning a blind eye to said constitutional violation as set forth herein and attempted to cover-up said violation.

## General Allegations

(15) That at all times relevant to the events giving rise to this cause of action, Defendant(s) Wexford, Boswell, Threen, Segarra, Smith and John/Jane Doe (collectively "Wexford Defendants")[2] and Warden(s) Gomez; Warden Osbow, Galindo and Malcom (collectively "IDOC Defendants"), where all Defendants ("collectively "Defendants"), were aware, based upon personal knowledge and/or other means, failed to provide adequate medical treatment and care to Plaintiff, amounting to deliberate indifference in violation of his Eighth Amendment Rights as being guaranteed under the United States Constitution and various Federal laws, and Medical Negligence and Healing Arts Malpractice under the Illinois Constitution and State law.

---

[2] Defendants are liable under the theory of Respondeat Superior liability and as result of unconstitutional policies, practices and customs, Defendant(s) Wexford and Boswell are liable for failure to train their employees and in violation of Illinois Consumer Fraud and Deceptive Trade Practices Act and committed breach of contract resulting in harm to Plaintiff by failure to provide adequate medical care and treatment to Plaintiff in violation United States/Illinois Constitutions and Federal and State laws

(16) That Defendants failed in their duty and responsibility, as result of unconstitutional policies, practices and customs, to provide adequate medical care (ie negligence and healing arts malpractice), whereas Defendants' negligence actions in failing to use such care as a reasonable, prudent and careful person would under similar circumstance, and with deliberate indifference, resulting in Plaintiff's unnecessary pain and suffering, physical harm and injuries and mental, emotional and physical distress.

(17) Defendants are a part, individually and collectively, of a systemic failure, being caused by Defendants' callous disregard of risk and willfulness, violating Plaintiff's constitutional rights and further compounded by the discontinuation of Nurse Sick Call policy, the avenue pursuant to policy and procedure for Plaintiff to have his serious medical needs addressed. (See Par(s) #23 #25, infra)

## Factual Allegations

(18) Plaintiff reasserts, re-alleges and incorporates Par(s) #1-#17 supra herein as if fully set forth herein by reference for consideration thereof.

(19) That Plaintiff has been and continues to be incarcerated in IDOC, housed at Stateville,

And required to obtain health care and treatment by and through Defendant Wexford and/or its agents (ie "Wexford Defendants") and IDOC Defendants

(20) Plaintiff, being nearly 64-years old at the time of this instant filing, suffers from a plethora of serious medical conditions, individually, collectively and with a connectivity which **can not be separated** for purposes of this cause of action, which require medical care and treatment as set forth in Par #21 _infra_, but not necessarily limited thereto (emphasis added)

(21) Plaintiff's serious medical needs mandating care based upon being in custody, control and care of IDOC, _inter alia_, as follows

(i) Acid Reflux Disease (referenced to as "GERD");

(ii) Shortness of breath/coronary artery disease and mild pulmonary hypertension with symptoms; of progressive exertional dyspnea;

(iii) History of heart condition;

(iv) Chronic Cough;

(v) Chronic knee pain resulting from chondromalacia

(vi) Chronic Right shoulder pain resulting from abnormal rotator cuff

And all said serious medical needs having been diagnose and set forth in Plaintiff's medical records being kept and in control of Defendants as required by policy and law.

-17-

(22) Plaintiff's individual allegations of receiving horribly inadequate medical treatment and care and totality thereof are illustrative of the overarching and systematic failures of Defendant(s) Wexford and Boswell's problematic policies, procedures and customs, or lack thereof, which said Defendants' employees and/or agents, including but not limited to, all named Defendants, who are mandated to follow based upon information and belief.

(23) Based upon information and belief, during all relevant times giving rise to this cause of action, Defendant Wexford failed to properly train its employees, failed to fully staff Stateville H.C.U and Pharmacy and due to staff shortage, resulted in the discontinuation of Nurse Sick Call (see Par.# 24 infra) and resulted in the denial and/or delay of adequate medical care and treatment to Plaintiff, inter alia, denial and/or delay in providing prescription medication as prescribed as medically necessary, refills and/or renewal thereof resulting in unnecessary, prolonged suffering.

(24) Based upon information and belief, an offender, pursuant to policy which Defendant Wexford, who has final authority and driving force thereof, requires Plaintiff to sign up for Nurse Sick Call to have his

his medical issues addressed by Wexford Defendants.
Pursuant to official policy and custom "Health Care
staff shall review offender sick call request within 24
hours of receipt and medical emergencies shall be addressed
as they occur. Upon determination that a nursing
evaulation is appropriate, health care staff shall schedule
evaulation. The evaulation shall take place within
three days"

(25) Defendant Wexford's discontinuation
of Nurse Sick Call was a breach of contract made settled
in the failure to provide timely access to medical care
to Plaintiff and the causal connection between harm
to Plaintiff and Defendant Wexford's official policy
and custom is clearly established by the facts herein

(26) Defendant(s) Wexford and Boswell intentional,
repeated acts of disregard, with deliberate indifference
and being negligent to Plaintiff's serious medical needs
as set forth in Parcs #21(i)-(vi) supra, with knowledge
and/or turning a blind-eye, to excessive risk to Plaintiff's
health and well-being, causing unnecessary pain and
suffering, by inter alia (i) refusing to take corrective
action measures and (ii) allowing or condoning the
actions of its employees, ie named Defendants

(27) That Defendant(s) Wexford and Boswell's

Acts and/or omissions are contrary to their individual duty to provide sound, standard **medical** care necessary to treat and manage Plaintiff's serious medical needs as set forth in PAR(S) #21(i)-(vi) supra due to the unconstitutional policies, practices and custom, which Wexford Defendants are bound, resulting in the unnecessary, prolong pain and suffering. Alternately failed to institute proper policies and procedures to ensure Plaintiff's receipt of constitutional medical care, whereas, inter alia, distinuation of Nurse Sick Call being a breach of contract and deceptive trade practices Act violation.

(28) Plaintiff was diagnosed with GERD and prescribed medication for treatment thereof, ie. "Reglan" and "Protonix". (See e.g. Exhibit #7 [A1])

(29) Plaintiff was denied on March 16, 2019, his valid prescription of "Protonix" and from March 16th thru 19th, 2019, was deprived the necessary stomach medication "Protonix", which resulted in unnecessary, prolong pain, suffering and distress.

(30) Plaintiff put in for Nurse Sick Call on March 16th, 17th, 18th and 19th, 2019, but was not seen by Defendant Wexford's site employees on Nurse Sick Call, which is common and so entrenched and well-known as to carry the force of policy.

-20-

(31) Wexford-site RN Supervisor D Trevino (who is not named as a defendant herein), stated, upon information and belief, "Protonix is a non-formary medication, which was last prescribed in February 2019, for six (6) months However, EVERY 30 days the pharmacy requires a non-formulary form before the medication can be sent, which has to be approved by wexford corporate office"

(32) D. Trevino's statement, "Protonix is a non-formulary medication" is patently false Based upon the fact IDOC Agency Medical Director Louis Shicher, MD, changed IDOC Formulary to add "Pantoprazole" (ie "Protonix") (see attached hereto, Exhibit #1 [AI]) As Defendant Wexford has previously argued, "IDOC Formulary supercedes the wexford Corporate Formulary" upon information and belief.

(33) Based upon information and belief, Wexford Formulary is reviewed and approved by the Wexford Health Pharmacy and **Therapeutics** Committe Evidence of Defendant Wexford possessing the authority to make final policy decisions and is the driving force behind the policy, practice and custom as applies.

(34) D. Trevino's statement as set forth in Par #31 supra explains Defendant Wexford's

[unconstitutional] formulary policy, and Defendant's Boswell's practice and custom, which clearly establishes the causal connection of said policy, etc., to plaintiff's unnecessary, prolonged pain and suffering by the four (4) day unnecessary delay/denial of his valid necessary medication. "Protonix"

(35). Prison officials conceded plaintiff was denied his valid prescription for "Protonix" and refers, by scanning Petitioner's grievance to Defendant Malcom and non-defendant Warden Williams, on September 6, 2019, six (6) months after deprivation of necessary medication "for advisement as to whether [plaintiff] experienced any effects from not receiving medication and <u>what action/plan are in place to prevent future occurrence</u>" (emphasis added)

(36) Based upon information and belief, non-defendant Amy Gomez issued a Report dated October 13, 2020 making the following false statements which Defendant Gomez concurred, when say as follows

(i) "There was no sick call request with complaints of not having Protonix" (CF Par #30 <u>supra</u>)

(ii) "According to MAR ... 2/24/2019 Protonix was changed from "keep on person" to "watch take". <u>All doses</u> of Protonix <u>received</u> in March 2019" (emphasis added)

(Cf Par #35 supra ("conceding four (4) days without "Protonix" and question of actual/plan to prevent future occurrence")[3]

(iii) "Medication being refilled can take up to 48 hours to receive. Moving Forward, pharmacy [i.e Defendant(s) Wexford, Boswell and Threm ] is now pulling All refill stickers and submitting for refills timely."

(37) Statements set forth in Par(s) #37(i)-(iii) supra are disingenuous and meant to indicate Defendants would no longer be subjecting Plaintiff and all other similarly situated offenders, to denial and/or delay of prescribed medication, which is clear rebutted by the facts of the ongoing and continuation of denial/delay of necessary medication as set forth in Par(s) #38-#39; #45; #47; #51; #67; #68; #73; #81; #90 infra)

(38) Plaintiff, again, on January 23 2020 was deprived of his valid prescription medication, this time "Reglan" and denial was from January 23 and thru 29th 2020, causing unnecessary prolong suffering.

(39) Plaintiff, during the seven (7) days without his necessary medication prescribed for serious medication of GERD, put in for Nurse Sick Call and/or spoke with Medical Jane Doe, to no avail.

---

[3] subsequent to filing (Doc 1) complaint Plaintiff obtained limited medical record which are being attached as Exhibit #7 [A7-A27] Based upon information and belief. Plaintiff will be able to establish the falsification of certain entries during discovery and reserves the right to amend

-23-

(40) Plaintiff filed a Grievance (No. 251) on January 26, 2020, setting forth the fact Plaintiff, spoke with Lt Boton and requested to speak to a major and Crisis Team, due to the pain, suffering and distress as well as coughing up blood.

(41) Subsequently a Wexford-site mental Health staff saw Plaintiff and stated she would pass along the medication issue to HCU. (It will be noted Plaintiff's attempt to obtain his mental health records of January 26, 2020 visit, to no avail (see Exhibit #7 [A10, A11, A12])

(42) Plaintiff requested his job assignment supervisor, Mr Tanner, to call HCU on Monday January 27, 2020. Mr Tanner did so and spoke to Non-Defendant Miller, Wexford's site D.O.N., who stated "[Plaintiff] will have to wait until the medication comes in"

(43) Plaintiff finally received "Reglan" on January 30, 2020, being deprived thereof for seven (7) days.[4]

(44) Plaintiff filed an emergency grievance on April 15, 2020 (No 1108), relating to his heart disease and shortness of breath. Twenty-four days after said filing Defendant Gomez denied emergency review.

---

[4] One example of false entry of medical records but clearly not limited thereto, indicates in the month of January 2020, the only day this Plaintiff did not receive "Reglan" was January 29, 2020, claiming "Inmate did not show" (see Exhibit #7 [A9]) but Medical John/Jane Doe signed/initial Received (see Exhibit #7 [A8]) It will be noted, Wexford Defendants have complete control and custody of medical records and may manipulate at will.

(45) Based upon statement by medical John/ Jane Doe, informing Plaintiff on April 11. 2020, that "University of Illinois - Chicago Hospital ("UIC" [ who based upon information and belief is sub-contracted by Defendant Wexford]), was not taking any inmates from IDOC because of Covid 19, which was the reason for Grievance, whereas Plaintiff's serious medical needs "does not take a break or pause" for Covid - 19 nor any excuse made by Defendants.

(46) Based upon information and belief, Defendant Galinda Admits to knowledge and on notice of Plaintiff's "previous heart condition" and "referral to UIC-cards on February 3, 2020", over two (2) months prior to said grievance, with subsequent delay of nearly eight (8) months before finally being seen at UIC. Galinda makes additional dates reference in 2020, which have no relevancy, (i.e" Red herring") to the denial and/or delay from 2/3/2020 until 9/29/2020, resulting in unnecessary, prolong pain, suffering and distress to Plaintiff

(47) Plaintiff again, experienced delay in refill of necessary prescription medications for treatment, being Hydrochlorothiazide ("HCTZ"), for Hypertension / High Blood pressure and being Aspirin 81MG, for heart disease, whereas refills due on April 21. 2020 (see Exhibit #7 [A13]) On April 28. 2020, Plaintiff filed grievance (no. 1172) As relates

- 25 -

to the "pattern" of denial and/or delay of prescribed necessary medication. On April 29, 2020, medical records indicate the two (2) medications were refilled (see Exhibit #7, (A14))(Cf Par #48, infra).

(48) Despite Mars and/or other medical records indicating a date medication is issued, the fact is, it may take two to five days for offenders to receive said medication. Ironically, while drafting the original Complaint, Plaintiff received numerous medication refills on March 3, 2022, which the bubble pack label indicated delivery on 2/27/22, 2/24/22, 2/25/22, 2/25/22 and 2/28/22, evidence in support thereof.

(49) Based upon information and belief, per Defendant Medical John/Jane Doe, responded to issue of untimely refill as set forth in Par #47 supra, conceded the fact of said delay but erroneously stated Plaintiff was only one (1) day without said two (2) medications and unnecessarily listed six (6) additional medication not relevant (ie "red herring"), which obviously was an attempt for the appearance to avoid liability.

(50) Additionally, said response as set forth in Par #49 supra, stated "Reglan and "Protonix" ree "which take "medication, and falsely stated "Inmate received these medications on time the whole month of March and April. (See Exhibit(s) #7 (A15), (A16)) Defendant Warden Gomez concurred on October 5, 2020 as to mootness.

(51) Plaintiff was informed on February 11, 2021 by Medical Jane Doe upon arriving at HCU for "watch take" medications of "Protonix" and "Reglan" that the "Reglan was out of stock", evident of the pattern of failing to provide valid necessary prescription medication and evident of the unconstitutional practice and custody by Defendant(s) Wexford and Boswell.

(52) Medical Records of Plaintiff clearly establishes "Reglan" being "out of stock" but only indicates from 2/13/2021 thru 2/15/2021, omitting 2/11/2021 and 2/12/2022 (See Exhibit #7 [A18]) and indicates the same was provided by signature/initials of Medical John/Jane Doe (See Exhibit #7 [A17]: (¶ FN 4 at 24 supra (pattern, not isolated incident))

(53) The question to consider on the pattern of conduct by Defendants, "if both "Reglan" and "Protonix" being issued as "watch take" and prescriptions ordered on the same date, how are Defendants continually being out of stock of one and/or the other medications?" The answer is obvious, they are being deliberately indifferent to Plaintiff's serious medical needs resulting in unnecessary, prolong pain, suffering and distress.

(54) Plaintiff filed Grievance (No 354) on February 14, 2021, knowing from experience of the pattern being his fourth Grievance (note No(s) (8698) (251):(1172)) by Defendant(s) Wexford, Boswell and Threen

have condoned and/or turned a blind-eye to the practice and custom of denial and/or delay of Plaintiff receiving his valid prescription medication, four (4) times to date and continuing.

(55) Based upon information and belief, Defendant Segarra made statement "Offender's order for 'Reglan' ran out on 2-10-2021 and was renewed on 2-11-2021, which was a Thursday, therefore that <u>prescription was more than likely faxed to [Defendant] Boswell on Friday the 12th</u>, which means the medication would <u>arrive on Monday the 15th. For approximately 3 days the offender did not get his medication but has been receiving medication since then</u> according to Mrs." (emphasis added)

(56) Defendant Segarra's culpable state of mind is evident based on her statement as set forth in Par # 55 <u>supra</u>, inter alia as follows (See Par # 57 <u>infra</u>)

(57). Conceding the unrebuttable facts of denial/delay of Reglan but disingenuously down playing the issue as to the number of days without the same, the length of time from renewal until Plaintiff actual received said medication (see Par # 48 <u>supra</u>) and indicating "has been receiving medication since" is a perfect example of the typical response in being forced to admit the glaring failures of Defendant(s) Wexford and Boswell's policy.

(58) Defendants culpable state of mind in down playing, "as if its no big deal" the denial/delay of prescribed medication can be an inference to the motive thereof, ie the saving of money for Defendant(s) Wexford and Boswell, both-for-profit corporations, which upon discovery will be supported.

(59) An example of the great deal of money as set forth in Par #58 supra, if a pill cost #1.00 each, being prescribed twice daily (ie #2.00 per day) and when medication is not provided for seven (7) days of the prescription, said Defendants save #14.00 per inmate, times the thousands of offenders, whereas these denial/delays are not isolated incidents which will be established during discovery, clearly adds up and is prima facie evidence of incentive for delays.

(60) The specific denial/delays of medication may not be considered in isolation but as the pattern and practice of Defendants and is only part of the overall systemic problem of the ongoing and custom of failures by Defendants resulting in Plaintiff's harm and suffering.

(61) Defendant Warden Gomez concurred in the concession of denial/delay of 'Reglan' and finding of mootness, on April 7, 2021, despite an ongoing violation of Constitutional rights may never be moot.

(62) Only June 21, 2021, it was further conceded "[Plaintiff] did miss medication on specific dates"

and Defendant Warden(s) Gomez and Osborn was directed by IDOC Director "to look into the reordering process to ensure this does not reoccur and to take corrective action as needed."

(63) The direction to Stateville Wardens would have been relayed to Defendant(s) Wexford and Boswell based upon information and belief but the Defendants deliberate indifference in turning a blind-eye to said violation is established by the fact that eight (8) months earlier the same relief was directed to Defendant Malcom and Warden Williams on October 13, 2020 and ignored (see Par #35 supra) and continues to be ignored as of September 28, 2021 (See Par #81, infra)

(64) Plaintiff was seen on March 31, 2021 by UIC specialist in Ear Nose And Throat ("ENT") by the name of Dr Allison Albino ("Dr Albino"), for serious medical issue of chronic cough.

(65) Dr Albino issued the following "Current Assessment & Plan." "Recommend trial of neurogenic medication for possible neurogenic cough. Recommend "Amitriptyline" ("Elavil") 10 mg QHS times two(2) weeks, then titrate to 30 mg po QHS weekly until 50-60 mg to see if patient responds to treatment (see Exhib.1 #7 CA19J)

(66) Plaintiff was seen on April 13, 2021 by specialist Dr Neha Agnihotri ("Dr Neha") at Center

- 30 -

for Lung Health Allegery, for serious medical condition
of chronic Rhinitis and chronic cough (See Par#67 infra)

(67) Relevant to this cause of action as to
pattern, practice and custom of denial/delays is evident
as of 4/13/2021. Defendants failed to follow specialist Dr
Albin recommendation of Elicil for two (2) weeks and
did not provide the Elicil order until May 12, 2021 (See
Exhibit #7 [A20]) being received on May 15, 2021, Approximately
45 days after specialist recommendation (See Par# 59 supra)

(68) Defendants failed to provide specialist
ordered "Aeronllergen" testing as of April 13, 2021, which
had been ordered over six (6) month earlier and was
emphasized that said testing had specialist waiting for
months. As of June 23, 2021 said testing had not been
provided (See Exhibit "7 [A21]:[A22]) Testing was finally
provided to specialist Dr Nehm on October 18, 2021 (See
Exhibit "7 [A23]), near a year delay by Defendant.

(69) Plaintiff filed on April 15, 2021 Grievance
(No 692), indicating, inter alia " Defendant(s) Wexford,
Segarra and Galindo failed to follow proper procedure
per Wexford's policy and procedure" (ie to be seen by
Medical Director within seven (7) days of return from
medical visit), whereas after two (2) weeks, had not
been seen upon return of March 31, 2021 visit return

(70) The pattern being established of said failure as set forth in Par "69 supra, whereas on wait returns on 3/8/2021 and 3/9/2021, at which time Plaintiff was informed he had a "bad heart valve" and was not seen until 3/24/2021, sixteen (16) days thereafter

(71) Plaintiff filed on August 11. 2021, Grievance (No 1313), grieving, interalia, for the passed three (3) weeks had been requesting Nurse Sick Call and based upon information and belief, Defendant Wexford had discontinued Nurse Sick Call, being in violation of State law as well as being breach of IDOC contract.

(72) Plaintiff, upon information and belief was informed by Medical John/Jane Doe, that Nurse Sick Call was not being ran due "to being short of staff" and noted Wexford has been under-staffed since co-pay for being seen on Nurse Sick Call had been invalidated by Illinois Legislature.

(73) Plaintiff again, was deprived of his necessary prescription medication "Protonix" beginning on August 12, 2021 thru August 18. 2021 (See Exhibit "7 [A25]) Once again, Medical John/Jane Doe signed initial receipt of said medication, further evidence of a pattern thereof (See Par #52 supra)

(74) Plaintiff spoke to Defendant Warden Osborn, who did not provide assistance; and Defendant

Galindo, who stated "she did not have time to talk" as
noted in Grievance (No. 1313). Thus, both Defendants were
on notice of Defendant Wexford's failure to continue
Nurse Sick Call and once again without "Protonix".

(75) Plaintiff wrote to Defendant Warden
Gomez on 8/17/2021, sending a copy to IDOC Director
Rob Jefferys and Governor J.B Pritzler, giving notice of
once again being out of "Protonix" from 8/12/2021 thru
8/16/2021 (See Exhibit *2 [A2])

(76) Plaintiff's ex-wife called Stateville about
the ongoing pattern of denial/delay of receiving medication
in mid-August, 2021, speaking to counselor supervisor
Graves, who transferred the call to Defendant Galindo,
based on Plaintiff's pain, suffering and distress being
of grave concern to Plaintiff's ex-wife.

(77) Plaintiff noticed the Elavil medication
looked different on or about 9/11/2021, making him feel
strange and was having a hard time functioning and/or
staying awake. Medical Jane Doe informed Plaintiff ".it
was the same drug, just different manufactor was
supplying Defendant Boswell".

(78) Plaintiff informed Medical Jane Doe on
September 14, 2021 that something was wrong with the Elavil,
feeling like he was overdosing, whereas Plaintiff's hands
were numb and tingling, with dizzness and headache.

(79) In response to Plaintiff, medical Jane Doe checked and found it was the right medication but wrong dose. Plaintiff had been prescribed 10 mg Elavil but had been given 100 mg for four days. Defendant(s) Wexford Boswell and Thien were responsible for overdosing Plaintiff

(80) Defendant Galvada sent a letter dated September 24, 2021 (See Exhibit "3 [A3]) Based upon information and belief, said Defendant was attempting to mitigate her liability, to appear she was not being deliberately indifferent, which the Record clearly Rebuts and exhibits her attempt to cover up, evidence of a culpable state of mind.

(81) Plaintiff, again was deprived of his necessary prescribed medication "Protonix" on September 28th and 29th, 2021. (See Exhibit #7 [A26])

(82) Plaintiff wrote Governor J.B Pritzer directly on September 28, 2021, with copies to IDOC Director Jefferys and Defendant Warden Gomez (See Exhibit #4 [A4]), in hopes of stopping the pattern and custom of denying and/or delaying his medications, this time "Protonix".

(83) Plaintiff filed on 9-28-2021 Grievance (No 156), after being informed of being out of stock on "Protonix" as indicated in Par #81 supra and speaking to Defendant Galvada, which was of no avail.

(84) Based upon information and belief the Governor's office sent an E-Mail to Stateville concerning

Plaintiff's letters. After Plaintiff's ex-wife call (see Par
#76 supra) and Governor's office E-Mail. Defendant Galwda
and two (2) unidentified individuals, possibly Medical
Jane Does, came to Plaintiff's cell but did nothing as a
result of said visit, solely for sake of appearances.

(85). Plaintiff, without any notice, was called
to the HCU on October 28, 2021, not to be seen by any
health care provider, but for grievance(s) filed, inter alia
No(s) (692), (313), (561), (562), which was attended by non-
defendant Grievance officer Anna McBee ("McBee"), along
with Defendant(s) Galwda, Smith and Warden Osborn
Plaintiff felt like he had walked into an ambush.

(85) Subsequently McBee issued a Grievance
Report dated 11/3/2021 (See Exhibit "5 [A5], which falsely stated
Dr Heuze and D.O.N. M Miller were present, when in fact,
Dr Heuze was not present and Defendant M Smith was
present, not non-defendant M. Miller, raising credibility issues.

(85) As indicated, Plaintiff's claim of being
overdosed by improper dosage of ten (10) times prescribed
dosage (See Par(s) #77-#79 supra) was corrected, which is,
in fact, an admission thereof. Further in fact, not a single
denial of any of the medication claims herein were made
by Defendants in Exhibit "5 [A5]), which is a concession thereof

(86) Defendant Warden Gomez concurred in
the admissions/concessions as set forth in Par #85 supra on 11/16/21.

(87) Evidence of statement presents a prima facie case as to Defendant Wexford's policy, procedure and custom being unconstitutional as applied, with deliberate indifference to Plaintiff's serious medical needs and a breach of contract as well as violation of consumer Fraud and deceptive trade practices Act, in the admission "that recommendation of UIC are taken into consideration but Stateville medical has the last say so in the course of treatment" (Exhibit "5" [A5])

(88) Said violation of the constitution(s) and laws(s) of United States and Illinois as conceded to in Par #87 supra is applicable to Defendant Wexford's discontinuation of "Nurse Sick Call", which injuriously prejudiced and harm Petitioner specifically and directly, as well as all similarly situated offenders under IDOC and Wexford's care and control, and said claims can not be addressed in isolation but in totality which establishes a pattern of deliberate indifference, negligence and health and malpractice

(89) Plaintiff, prior to arriving at Stateville had been medically prescribed a knee brace for left knee Based upon Defendant Wexford's unconstitutional policy, practice and custom of failing to treat pre-existing conditions resulted in harm to Plaintiff

(90) Plaintiff was ordered a knee brace by Dr. Jeffery Lu MD, Orthopaedic specialist on 11/11/2021 (See Exhibit #7 [A27]) The inordinate but typical delay by

- 36 -

Wexford Defendants resulted in unnecessary, prolong pain and suffering for six (6) months where said Brace was not delivered to Plaintiff until mid-May. And it must be noted, said Brace, after wearing twice was deflated and returned to HCU, thus Plaintiff without treatment again

(91) Defendant Wexford's policy, practice and custom of ignoring specialist recommendations has caused further continual harm to Plaintiff, inter alia specialist ordered Colonoscopy in five (5) years and its now been six (6) years, ie over one (1) year delay. Additionally as relates to shoulder injury, neither treatment nor physical therapy have been provided as recommended (see Para #93 infra)

(92) Plaintiff's recommendations by off-site specialists being ignored by Defendants negates any argument that sending Plaintiff to specialist shows Defendants are not deliberately indifference, whereas failure to follow said recommendations as set forth in Para(s) #87-#91 supra results in a denial and/or delay of adequate care and treatment, resulting in unnecessary, prolong pain, suffering distress, mental anguish and emotional distress, which has a injurious negative impact with Plaintiff's daily activities but not limited thereto (emphasis added)

(93) As the old adage states "A delay of medical treatment is a denial of medical treatment. And inaction speaks louder thru words.

## V.    Relief:

State briefly exactly what you want the court to do for you.  Make no legal arguments.  Cite
no cases or statutes.

(1) Declaration judgment that acts and omissions by Defendent(s) described herein
    violated Plaintiff's rights under the Constitutions and laws of United States and Illinois
(2) Enter judgment in favor of Plaintiff for compensatory damages in the amount of
    One Hundred Thousands Dollars ($100,000.) against each Defendent jointly and severilly
(3) Enter judgment in favor of Plaintiff for punitive damages in the amount of One
    Hundred Thousand Dollars ($100,000.) against each Defendent jointly and severilly
(4) Grant such other relief as deemed appropriate, interalia Recruitment of counsel instructes
(5) Plaintiff reserves right to subsequently file for injunctive relief as deemed necessary

VI.    The plaintiff demands that the case be tried by a jury.    ☒  YES    ☐  NO

## CERTIFICATION

By signing this Complaint, I certify that the facts stated in this
Complaint are true to the best of my knowledge, information and
belief.  I understand that if this certification is not correct, I may be
subject to sanctions by the Court.

Signed this _13th_ day of _June_ , 20_22_

_Romeo Jackson B43511_
(Signature of plaintiff or plaintiffs)

_Romeo Jackson_
(Print name)

_B43511_
(I.D. Number)
_Stateville Correctional Center_

_16830 S. Broadway Street P.O.Box 112 Route 53_

_Joliet [Will County] Illinois  60434_
(Address)

United States District Court
Northern District Of Illinois

Romeo Jackson, #B43511          )
              Plaintiff,        )
     ᵕ                          )    No. 22 C 1297
                                )       (To Be Supplied By Clerk)
Wexford Health Sources Inc et Al., )
              Defendants.        )

## Appendix

Page

Exhibit #1    Letter From Louis Shicker
              July 18, 2012  re. Formulary . . . . . . A1
Exhibit #2    Letter to Defendant Warden Gomez
              8/17/21 . . . . . . . . . . . . . A2
Exhibit #3    Letter From Defendant L. Galvan
              September 24, 2021 . . . . . . . . A3
Exhibit #4    Letter to Governor J.B Pritzer
              9/28/21 . . . . . . . . . . . . . A4
Exhibit #5    Response to Offender Grievance
              11/3/2021  by Defendant Anna McBee . . . A5
Exhibit #6    Response to Appeal by ARB
              12/27/21  by Defendant Sherry Benton . . A6
Exhibit #7    Plaintiff's [Limited] Medical Records . . . . A7-A27

(1 of 1)



*Exhibit #1*
*(1 of 1)*
*[A1]*

**Illinois
Department of
Corrections**

**Pat Quinn**
Governor

**S. A. Godinez**
Director

**James R. Thompson Center
100 W. Randolph Street, Suite 4-200
Chicago, IL 60601**

**Telephone: (312) 814-3017
TDD: (800) 526-0844**

To: MD's/HCUA's/DON's/Vendors
From: Dr. Louis Shicker
Subject: IDOC Formulary Update
Date: July 18, 2012

The following changes have been made to the IDOC Formulary:

**Deletions:**

- Omeprazole (Prilosec)

**Additions:**

- Rifapentine
- Pantoprazole (Protonix)
- Levalbuterol HFA (Xopenex)
- Ciclesonide (Alvesco)

**Please note that I am permitting the Vendor pharmacy to automatically substitute Xopenex HFA and Alvesco for Albuterol HFA and Qvar respectively. If Albuterol and or Qvar are specifically needed, the Vendor pharmacy may need to be notified.**

*Louis Shicker*
Louis Shicker MD
Agency Medical Director

A1

Exhibit #2
(1 of 1)
(EA2)                    8/17/21

WARDEN GOMEZ:

I AM contacting you to let you know that I have been out of Medication since 8/12/21 AND AS of 8/16/21 I still out of my Medication "Protonix". HCU said it will come in this week, however I have been in destress and no one could give me any help. Will you please look into this matter for me. this a reoccuring matter

                    Sincerely,

                    Romeo Jackson
                    # B43511
                    B-423

cc: Rob Jeffreys
    JB Pritzker

A2

JB Pritzker
Governor



*Exhibit #3*
*( 1 of 1 )*
*CA 3)*

Rob Jeffreys
Director

## The Illinois Department of Corrections

Stateville Correctional Center
Route 53, P.O. Box 112 • Joliet, IL 60434 • (815) 727 -3607 TDD: (800) 526-0844

Date: September 24, 2021

To: Romeo Jackson, B43511

From: L. Galindo, Health Care Unit Administrator

Subject: Medication

Good Afternoon Mr. Jackson.

Thank you for speaking with me today. I recalled addressing the concern of you not receiving your medication in August of this year. I was pleased to know there has been no further issues with your medication. You made me aware that the grievance was written prior to my involvement in addressing this matter. We also discussed your need for a knee brace and its approval.

As per our discussion, I will follow-up with Dr. Henze to address the medications (protonix and metoclopramide) and see if these can be prescribed as "keep on persons". In regard to your knee brace. You will need to obtain documentation from the prescribing provider to address the medical necessity of the knee brace. Also, a descriptive detail about the brace from the company "Hanger" will also be needed for it to be approved.

X _____ HCUA

L. Galindo
Health Care Unit Administrator

*Mission: To serve justice in Illinois and increase public safety by promoting positive change for those in custody, operating successful reentry programs, and reducing victimization.*

**www.illinois.gov/idoc**  A3

Exhibit #4
(1 of 1)
[A4]

9/28/21

Gov. JB Pritzker

I am contacting your office to let you know that the HCU keeps running out of my medication "Protonix". I just wrote a grievance about this matter on 8/13/21 and now it's happening again. What do I have to do in order to get my medication.

Sincerely,

Romeo Jackson
#B43511

CC: Rob Jeffreys
Warden Gomez

A4

Exhibit S
(1 of 1)
[AS]

ILLINOIS DEPARTMENT OF CORRECTIONS
**RESPONSE TO OFFENDER'S GRIEVANCE**

| Grievance Officer's Report | | |
|---|---|---|

Date Received: 09/28/2020          Date of Review: 11/03/2021          Grievance # (optional): 1561

Offender: Romeo Jackson                                              ID#: B43511

Nature of Grievance:

Medical Treatment                                          1562 692 1313

**Facts Reviewed:**

Facts Reviewed: Grievant claims on various medical grievances written on various dates that he submits for sick call to no avail, was not seen within 7 days from returning from a writ by the medical director on 3/31/21, wants Stateville to follow UIC recommendations for his cough, was given the wrong dosage of Elavil, was supposed to receive 10mg, but received 100mg September of 2021, and is currently out of Protonix.

A meeting in the healthcare unit was conducted on 10/28/21 with the grievant, Assistant Warden Osborne, Dr. Henze, M. Miller, DON, and Grievance Officer A. McBee. All above issues concerning the above grievances were discussed and grievant's concerns were heard and addressed. Per medical chart review, grievant's Elavil issue was corrected. Grievant asked for a knee brace. An order for a brace was written. Grievant's medication of Reglan and Protonix are currently watch take medications, but per HCUA Galindo, is being changed to a keep on person medications. It was explained to grievant that recommendations of UIC are taken into consideration, but Stateville Medical has the final say so in the course of treatments.

This Grievance Officer has no medical expertise or authority to contradict the doctor's/DON's/RN's recommendation / diagnosis.

**Recommendation:**

Grievance is MOOT.

Anna McBee
Print Grievance Officer's Name                        Grievance Officer's Signature
(Attach a copy of Offender's Grievance, including counselor's response if applicable)

| Chief Administrative Officer's Response | | |
|---|---|---|

Date Received: 11/16/21          ☑ I concur     ☐ I do not concur     ☐ Remand

Action Taken:

Chief Administrative Officer's Signature          Ko     11/16/21
                                                           Date

| Offender's Appeal To The Director | | |
|---|---|---|

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must, within 30 days after the date of the Chief Administrative Officer's decision, be received by the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response if applicable, and any pertinent documents.)

Offender's Signature                    ID#                    Date

AS

J.B. Pritzker
Governor



Exhibit #6
(1 of 1)
CA6]

Rob Jeffreys
Director

## The Illinois Department of Corrections

1301 Concordia Court, P.O. Box 19277 • Springfield, IL 62794-9277 • (217) 558-2200 TDD: (800) 526-0844

Name: Jackson, Romeo

ID#: B43511

Facility: Stateville

12/27/21
Date

This is in response to your grievance received on __11/24/21__. This office has determined the issue will be addressed without a formal hearing. A review of the Grievance, Grievance Officer/CAO response to the grievance has been conducted. For a grievance that is direct review by the ARB, a review of the Grievance has been conducted.

Your issue regarding: Grievance dated: (4) combined  Grievance Number: 1561  Griev Loc: STA/HCU

☐ Transfer denied by the Facility

☐ Dietary _____

☐ Personal Property _____

☐ Mailroom/Publications _____

☐ Assignment (job, cell) _____

☐ Commissary / Trust Fund _____

☐ Conditions (cell conditions, cleaning supplies, etc.) _____

☐ Disciplinary Report: Dated: _____ Incident # _____

☒ Other  After care from writ (March/2021), UIC med recommendation, NSC requests ignored (Aug/2021), elavil dose, Protonix

Based on a review of all available information, this office has determined your grievance to be:

☐ Affirmed, Warden _____ is advised to provide a written response of corrective action to this office by _____

☐ Denied, in accordance with DR504F, this is an administrative decision.

☐ Denied, this office finds the issue was appropriately addressed by the facility Administration.

☐ Denied as the facility is following the procedures outlined in DR525.

☐ Denied as procedures were followed in accordance with DR 420 for removal/denial from/for an assignment.

☐ Denied as this office finds no violation of the grievant's due process in accordance with DR504.80 and DR504.30. This office is reasonably satisfied the offense cited in the report was committed.

☒ Other: Mixed. from staff's responses, the medication concerns did occur, but have been addressed by medical staff. The

other issues were not substantiated. Requests for monetary compensation is outside the realm of this office.

FOR THE BOARD: _Sherry Benton_
Sherry Benton
Administrative Review Board

CONCURRED: _Rob Jeffreys_
Rob Jeffreys
Director

CC: Warden, Stateville _____ Correctional Center
Jackson, Romeo _____, ID# B43511

*Mission: To serve justice in Illinois and increase public safety by promoting positive change for those in custody, operating successful reentry programs, and reducing victimization.*



**\*BEGIN USING FROM BOTTOM UP**

Exhibit #7
(1 of 21)
[A7]

**State of Illinois**
**Dept. of Corrections**

**PRESCRIPTION ORDER**
**Chart Copy (Not a prescription)**

Patient _Jackson  Romeo_ Reg. # _B43511_ Date: _03/08/21_

Problem _____

ORDER: (Physician's Signature After Last Order) _____

_Waist chain for todays visit only_

DEA/Illinois Lic. # _____ Physician (Print) _To Dr Henzie/Sundhasya RN_

☐ May Substitute _____ M.D.
☐ May Not Substitute _____ M.D.
DCA 7000
IL 426-1417    Noted by: _____ Date: _02/08/21_

---

**State of Illinois**
**Dept. of Corrections**

**PRESCRIPTION ORDER**
**Chart Copy (Not a prescription)**

Patient _Jackson, Romeo_ Reg. # _B43511_ Date: _2-11-21_

Problem _____

ORDER: (Physician's Signature After Last Order) _____

_Reglan  10mg  PO  Bid_
_Protonix  40mg  PO  Bid  X 6 months_

DEA/Illinois Lic. # _____ Physician (Print) _CMBanner MD._

☐ May Substitute _____ M.D.
☐ May Not Substitute _____ M.D.
DCA 7000
IL 426-1417    Noted by: _Ed M_ Date: _2-11-21_

5TA                                          F438

**State of Illinois**
**Dept. of Corrections**

**PRESCRIPTION ORDER**
**Chart Copy (Not a prescription)**

Patient _Jackson,  Romeo_ Reg. # _B43511_ Date: _12/17/20_

Problem _____

ORDER: (Physician's Signature After Last Order) _Omeprazole 40mg/kg qd x 6mo_

_Flonase NS— 2 sprays to each nare q d x 6mo_

DEA/Illinois Lic. # _____ Physician (Print) _____

A7

☐ May Substitute _____ M.D.
☐ May Not Substitute _____ M.D.

# MEDICATION ADMINISTRATION RECORD

## BOSWELL PHARMACY SERVICES

814-629-4397 · Fax: 814-629-7644



| EFFECTIVE DATES | MEDICATIONS | HOUR | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 23 | 24 | 25 | 26 | 27 | 28 | 29 | 30 | 3 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Original Order 8-24-19 | Pantoprazole 40mg PO BID | AM | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| Discontinue 2-19-20 | | HS | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| Rx # | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| Original Order 8-23-19 | Reglan 10mg PO BID | AM | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| Discontinue 2-23-20 | | HS | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| Rx # | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |

| Initial | Signature | Initial | Signature | Initial | Signature | Initial | Signature | Initial | Signature |
|---|---|---|---|---|---|---|---|---|---|
| | | | | MH | | | | | |

Location: C443

Date of Birth or Soc. Sec. No.: 2-1-58

Allergies: PCN, Claritin, Antihrung als, Risperidone, Olazapine

Inmate Name and Number: JACKSON ROMEO 343511

Facility: STA C

Charting for: 1-1-20 Through 1-31-20

Exhibit "7" [ABC 21 of 22]

# MEDICATION NOTES

| INSTRUCTIONS: | INJECTION SITE CODES: | | NON ADMINISTERED MEDICATION REASON CODES: |
|---|---|---|---|
| • Initial appropriate box when medication or treatment is given.<br>• Circle initials when medication or treatment is refused.<br>• State reason for refusal under Medication Notes<br>• State reason and result for PRN Medication or Treatment.<br>• Indicate injection site with appropriate code. | 1. Abdomen Left<br>2. Abdomen Right<br>3. Arm (Deltoid) Left<br>4. Arm (Deltoid) Right | 5. Buttocks (Gluteus) Left<br>6. Buttocks (Gluteus) Right<br>7. Thigh (Quadriceps) Left<br>8. Thigh (Quadriceps) Right | 9. Upper Back Left<br>10. Upper Back Right<br>11. Upper Chest Left<br>12. Upper Chest Right | **RESULT CODES:**<br>A. Effective<br>B. Slightly Effective<br>C. Ineffective<br>D. No Effect Observed | 1. Refused by Inmate<br>2. Inmate did not show<br>3. Inmate not in cell<br>4. Security lockdown<br>5. Medication held (state reason)<br>6. Medication out of stock |

| DATE | TIME | INIT. | MEDICATION - DOSE | ROUTE | REASON | RESULT | DATE | TIME | INIT. | MEDICATION - DOSE | ROUTE | REASON | RESULT |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 12/21 | 0900 | RS | Pantoprazole 40mg | PO | 2 | | | | | | | | |
| 12/21 | 0900 | RS | Reglan 10mg | PO | 2 | | | | | | | | |
| | | | | | | | | | | | | | |

A9

| Initial | Signature | Initial | Signature | Initial | Signature | Initial | Signature | Initial | Signature |
|---|---|---|---|---|---|---|---|---|---|
| | | RS R Stewart FRN | | | | | | | |

Exhibit #7
(3.121)
[A]

ILLINOIS DEPARTMENT OF CORRECTIONS AUG 1 6 2021

MAY 2 7 2021

## Authorization for Release of Offender Mental Health or Substance Abuse Treatment Information

Exhib. # 7
(4 of 21)
[A10]

This Authorization may not be used for medical health information (use form DOC)

The Department of Corrections will not condition treatment on this authorization. Mental health information disclosed purs may not be further disclosed except pursuant to authorization from the offender or offender's representative. If this author notes, it must not be used as an authorization for any other type of protected health information.

I hereby authorize __STATEVILLE CORRECTIONAL CENTER__ to release
Facility

**Section A: Mental Health Information** (State specific Mental Health Information to be disclosed including date(s) or date range) :

_CRISIS Records Jan 2020_

**Section B: Substance Abuse Treatment Information** (as indicated below) :

If Substance Abuse Treatment records are being authorized, initial all relevant areas below (including date(s) or date range):

☐ Diagnosis _____
☐ Evaluation/Assessment _____
☐ Treatment Plan _____
☐ Summary of Treatment Services _____
☐ Continuing Care Plan _____
☐ Other (specify): _____

☐ Toxicological Reports/Drug Screens _____
☐ Medication Management Information _____
☐ Attendance in Treatment _____
☐ Treatment Progress Report _____
☐ Educational Information _____

☐ At Request of Offender and/or: _____

from the records of _B43571_        _JACKSON, ROMEO_        Purpose of disclosure
ID#                     Print Offender's Name

to:  ☐ Self        ☐ Authorized Attorney        ☐ Health Care Facility        ☐ Other: _____

Name: _____
Print Name

Address: _____
Street Address                     City        State        Zip Code

I hereby release and hold harmless, the State of Illinois, the Department of Corrections, and its employees from any liability which may occur as a result of the disclosure or dissemination of the records or information contained therein resulting from the access permitted to the authorized attorney, health care facility, other as specified, or self. I understand that I have the right to revoke this authorization at any time prior to disclosure by giving written notice (witnessed by someone who knows my identity) to the prison Facility Privacy Officer.

**Expiration:** This authorization will expire (complete one):

☐        45 days from date of signature
☐        Upon the occurrence of the following event (must relate to the individual or purpose of the authorization):

_____

Signature:
_____                     _5-27-2021_
Signature of Offender or Person Authorized to Consent        Relationship        Date

Witness:
_____                     _____
Print Name                     Title

_____                     _27 2021_
Signature                     Date

A10

Give Offender a copy if DOC made the request for release.

Distribution:    Offender's Medical File

DOC 0240 (Rev. 01/2005)

Printed on Recycled Paper

JB Pritzker
Governor



Exhibit #7
(5 of 21)
[AI]

Rob Jeffreys
Director

## The Illinois Department of Corrections

Stateville Correctional Center
Route 53, P.O. Box 112 • Joliet, IL 60434 • (815) 727 -3607 TDD: (800) 526-0844

**DATE:** August 16, 2021
**TO:** Romeo Jackson (B43511)
**CELL #:** B423
**FROM:** Medical Records Department

Mr. Jackson,

Your request to receive copies of your Mental Health Records is denied due to the following reason:

There weren't any crisis records found for the indicated time.

*Medical Records Department*

All

*Mission: To serve justice in Illinois and increase public safety by promoting positive change in offender behavior, operating successful reentry programs, and reducing victimization.*

www.illinois.gov/idoc

ILLINOIS DEPARTMENT OF CORRECTIONS

# Authorization for Release of Offender Mental Health or Substance Abuse Treatment Information
### This Authorization may not be used for medical health information (use form DOC 0241)

The Department of Corrections will not condition treatment on this authorization. Mental health information disclosed pursuant to this authorization may not be further disclosed except pursuant to authorization from the offender or offender's representative. If this authorization is for psychotherapy notes, it must not be used as an authorization for any other type of protected health information.

I hereby authorize **IDOC** _____ to release
Facility

**Section A: Mental Health Information** (State specific Mental Health Information to be disclosed including date(s) or date range) :

_1/26/20 CRISIS Records for that day_

**Section B: Substance Abuse Treatment Information** (as indicated below) :

If Substance Abuse Treatment records are being authorized, initial all relevant areas below (including date(s) or date range):

☐ Diagnosis _____
☐ Evaluation/Assessment _____
☐ Treatment Plan _____
☐ Summary of Treatment Services _____
☐ Continuing Care Plan _____
☐ Other (specify): _____

☐ Toxicological Reports/Drug Screens _____
☐ Medication Management Information _____
☐ Attendance in Treatment _____
☐ Treatment Progress Report _____
☐ Educational Information _____

☐ At Request of Offender and/or: ~~Romeo Jackson~~ Self _____

from the records of **B43511**    Romeo Jackson _____
ID#           Print Offender's Name        Purpose of disclosure

to: ☒ Self   ☐ Authorized Attorney   ☐ Health Care Facility   ☐ Other: _____

Name: _____
Print Name

Address: _____
Street Address          City      State    Zip Code

I hereby release and hold harmless, the State of Illinois, the Department of Corrections, and its employees from any liability which may occur as a result of the disclosure or dissemination of the records or information contained therein resulting from the access permitted to the authorized attorney, health care facility, other as specified, or self. I understand that I have the right to revoke this authorization at any time prior to disclosure by giving written notice (witnessed by someone who knows my identity) to the prison Facility Privacy Officer.

**Expiration:** This authorization will expire (complete one):

☒ 45 days from date of signature

☐ Upon the occurrence of the following event (must relate to the individual or purpose of the authorization):

_____

**Signature:**

Romeo Jackson
Signature of Offender or Person Authorized to Consent        Relationship        9/25/21
Date

**Witness:**

Ronald Barrow    N52087    Law Library Clerk
Print Name        Title

Ronald B.        10/12/2021
Signature        Date

Distribution:   Offender's Medical File        Give Offender a copy if DOC made the request for release.

A12

Exhib.1 # 7
(7 of 21)
[A13]

*BEGIN USING FROM BOTTOM UP

PCN

**State of Illinois**
**Dept. of Corrections**

**PRESCRIPTION ORDER**
Chart Copy (Not a prescription)

Patient JACKSON, ROMEO _____ Reg. # B43511 _____ Date: 3-24-21

Problem _____

ORDER: (Physician's Signature After Last Order)
Xopenex MDI 45 mcg I-II puffs po q 4-6 prn x 90 days.
Alvesco MDI 160 mcg 1 puff po daily x 90 days.
HCTZ 12.5 mg po daily x 90 days.

DEA/Illinois Lic. # _____ Physician (Print) Helen L. Bruckner FNP-BC.
☐ May Substitute Helen L. Bruckner FNP BC _____
☐ May Not Substitute _____ M.D.

DCA 7000
IL 426-1417
Noted by: _____ Date: 3/24/21

---

**State of Illinois**
**Dept. of Corrections**

**PRESCRIPTION ORDER**
Chart Copy (Not a prescription)

Patient Jackson Romeo _____ Reg. # B43511 _____ Date: 3·16·21

Problem _____

ORDER: (Physician's Signature After Last Order)
ASA 81mg PO QD
Lisinopril 10mg PO QD        x 1 year
Vitamin C 500mg PO QD

DEA/Illinois Lic. # _____ Physician (Print) _____
☐ May Substitute _____
☐ May Not Substitute _____ M.D.

DCA 7000
IL 426-1417
Noted by: _____ Date: 3·16·21

---

**State of Illinois**
**Dept. of Corrections**

**PRESCRIPTION ORDER**
Chart Copy (Not a prescription)

Patient JACKSON ROMEO _____ Reg. # B43511 _____ Date: 3-9-21

Problem _____

ORDER: (Physician's Signature After Last Order) _____
✓ WRIST CHAINS FOR TODAY'S WRIT ONLY _____ A13

DEA/Illinois Lic. # _____ Physician (Print) O - DR Purcell - Licht
☐ May Substitute _____ M.D.
☐ May Not Substitute _____ M.D.



# MEDICATION ADMINISTRATION RECORD

## BOSWELL PHARMACY SERVICES

814-629-1397 • Fax: 814-629-7644

| EFFECTIVE DATES | MEDICATIONS | HOUR | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 23 | 24 | 25 | 26 | 27 | 28 | 29 | 30 | 31 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Original Order 3/20/2020 Discontinue 3/19/2021 Rx# 5574028 | **ASPIRIN 81MG CHW** SUB FOR: BAYER CHILDRENS ASPIRIN AGUINALDO JR, EVARISTO CHEW 1 TABLET(S) BY MOUTH DAILY | 0700 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | 3o 4/3 | |
| Original Order 1/16/2020 Discontinue 4/14/2020 Rx# 5556804 | **DOCUSATE SOD 100MG CAP** SUB FOR: COLACE AGUINALDO JR, EVARISTO TAKE 1 CAPSULE(S) BY MOUTH DAILY | 0700 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| Original Order 3/20/2020 Discontinue 3/19/2021 Rx# 5574028 | **HYDROCHLOROTHIAZIDE 25MG TAB** SUB FOR: HYDRODIURIL AGUINALDO JR, EVARISTO TAKE 1 TABLET(S) BY MOUTH DAILY | 0700 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | 3o 4/3 | |
| Original Order 3/4/2020 Discontinue 8/30/2020 Rx# 5569337 | **MELOXICAM 15MG TAB** SUB FOR: MOBIC AGUINALDO JR, EVARISTO TAKE 1 TABLET(S) BY MOUTH DAILY | 0700 | | | | | | | | | | | | | | | | | | | | | | | | | | | | 3o 4/3 | | | |
| Original Order 12/7/2019 Discontinue 12/5/2020 Rx# 5546692 | **METFORMIN 500MG TAB** SUB FOR: GLUCOPHAGE AGUINALDO JR, EVARISTO TAKE 1 TABLET(S) BY MOUTH TWICE A DAY | 0700 / 1900 | | | | | | | | | | # 60 cap | | | | | | | | | | | | | | | | | | | | | |
| Original Order 2/19/2020 Discontinue 8/16/2020 Rx# 5655551 | **METOCLOPRAMIDE 10MG TAB** SUB FOR: REGLAN HENZE, MARLENE TAKE 1 TABLET(S) BY MOUTH TWICE A DAY | 0700 / 1900 | | | | | | | | | | | | | | Cael | | | | | | | | | | | | | | | | | | |

Exhibit #7 (8 of 21) [A14]

| Initial | Signature | Initial | Signature | Initial | Signature | Initial | Signature |
|---|---|---|---|---|---|---|---|
| | | DSB | (R)Brown | | | | |

| Location | Date of Birth or Soc. Sec. No. | Allergies | | Diagnosis |
|---|---|---|---|---|
| C443 | | PENICILLINS, Claritin, Azithromycin, risperiDONE, OLANZapine, QUE | | |

| Inmate name and Number | Facility | Charting for | Through |
|---|---|---|---|
| JACKSON, ROMEO B43511 | STATEVILLE CORR CTR | 04/01/2020 | 04/30/2020 |

# MEDICATION ADMINISTRATION RECORD

## BOSWELL PHARMACY SERVICES
814-629-1397 • Fax: 814-629-7644



| EFFECTIVE DATES | MEDICATIONS | HOUR | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 23 | 24 | 25 | 26 | 27 | 28 | 29 | 30 | 31 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Original Order 2/17/2020 Discontinue 8/17/2020 Rx # | Pantoprazole 40mg PO BID x 6 months | AM | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| | | HS | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| Original Order 2/17/2020 Discontinue 8/17/2020 Rx # | Reglan 10mg PO BID x 6 months | AM | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| | | HS | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| Original Order Discontinue Rx # | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| Original Order Discontinue Rx # | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| Original Order Discontinue Rx # | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| Original Order Discontinue Rx # [AIS] | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |

Exhibit #7 (9 of 21) [AIS]

| Initial | Signature | Initial | Signature | Initial | Signature | Initial | Signature | Initial | Signature |
|---|---|---|---|---|---|---|---|---|---|
| MH | RM Handiford | | | | | | | | |
| | | VR | VanOlun | | | | | | |

Location C443

Date of Birth or Soc. Sec. No. 7/2/1958

Allergies PCN, Claritin, Arythmergen, Risperidone, Olanzapine

Facility Stateville

Inmate Name and Number Jackson, Romeo B43511

Charting for 3/1/2020 Through 3/31/2020

Form # 6182LMR (Rev. 08/13)

# MEDICATION ADMINISTRATION RECORD

## BOSWELL PHARMACY SERVICES
814-629-9397 • Fax: 814-629-7644



| EFFECTIVE DATES | MEDICATIONS | HOUR | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 23 | 24 | 25 | 26 | 27 | 28 | 29 | 30 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Original Order 2/17/20 Discontinue 8/15/20 Rx # | Protonix 40 mg PO BID x 6 mo | AM | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| | | HS | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| Original Order 2/17/20 Discontinue 8/15/20 Rx # | Reglan 10 mg PO BID x 6 mo | AM | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| | | HS | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| Original Order Discontinue Rx # | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| Original Order Discontinue Rx # | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| Original Order Discontinue Rx # | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| Original Order Discontinue Rx # | Alg | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |

| Initial | Signature | Initial | Signature | Initial | Signature | Initial | Signature | Initial | Signature |
|---|---|---|---|---|---|---|---|---|---|
| | | PO | Cm | PS | Kristin Bradwell, LPN | | | | |
| | | 92 | | BS | | | | | |
| | | | | | | | | | |

| Location | Date of Birth or Soc. Sec. No. | Allergies | | | |
|---|---|---|---|---|---|
| C443 | 7-2-58 | PCN, Claritin, Risperidone, Olanzapine, Ativan | | Charting for | Through |

| Inmate Name and Number | Facility | | | |
|---|---|---|---|---|
| Jackson Romeo B43511 | STA | | 4-1-20 | 4-30-20 |

Form # 6182LMR (Rev 08/13)

**BOSWELL PHARMACY SERVICES**
814-629-7397 • Fax: 814-629-7644




| EFFECTIVE DATES | MEDICATIONS | HOUR | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 23 | 24 | 25 | 26 | 27 | 28 | 29 | 30 | 31 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Original Order / Discontinue | Flonase NS ii spray to ea nares q day x 6 mo | K O P | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| Original Order 10-21 / continue 11-21 | Reglan 10mg PO Bid x 6 months | AM / HS | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| Original Order 11-21 / continue 11-21 | Protonix 40mg PO Bid x 6 months | AM / HS | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| Original Order / continue | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| Original Order / continue | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| Original Order / continue | All | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |

| Initial | Signature | Initial | Signature | Initial | Signature | Initial | Signature | Initial | Signature |
|---|---|---|---|---|---|---|---|---|---|
| | | | | R | R. Cosselo, PN | JM | B fu | JD | Kruller |
| B423 | | | | CD | CD | | | CD | CD |

Date of Birth or Soc. Sec. No. 7-2-1958    Allergies PCNS    Diagnosis

Facility STA

Resident Name and Number: Jackson, Romeo   B 4357

6182LMR (Rev. 08/13)

Charting for 2/1/21  Through 2/28/21

(written vertically) Exhibit #7 (11 of 21) CA173

# MEDICATION NOTES

| INSTRUCTIONS: | | INJECTION SITE CODES: | | RESULT CODES: | NON ADMINISTERED MEDICATION REASON CODES: |
|---|---|---|---|---|---|
| · Initial appropriate box when medication or treatment is given.<br>· Circle initials when medication or treatment is refused.<br>· State reason for refusal under Medication Notes.<br>· State reason and result for PRN Medication or Treatment.<br>· Indicate injection site with appropriate code. | | 1. Abdomen Left<br>2. Abdomen Right<br>3. Arm (Deltoid) Left<br>4. Arm (Deltoid) Right | 5. Buttocks (Gluteus) Left<br>6. Buttocks (Gluteus) Right<br>7. Thigh (Quadriceps) Left<br>8. Thigh (Quadriceps) Right | 9. Upper Back Left<br>10. Upper Back Right<br>11. Upper Chest Left<br>12. Upper Chest Right | A. Effective<br>B. Slightly Effective<br>C. Ineffective<br>D. No Effect Observed | 1. Refused by Inmate<br>2. Inmate did not show<br>3. Inmate not in cell<br>4. Security lockdown<br>5. Medication held (state reason)<br>6. Medication out of stock |

| DATE | TIME | INIT. | MEDICATION - DOSE | ROUTE | REASON | RESULT | DATE | TIME | INIT. | MEDICATION - DOSE | ROUTE | REASON | RESULT |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 13 | AM | HE | Reglan | PO | 6 | | | | | | | | |
| 13 | HS | LW | Reglan | PO | 6 | | | | | | | | |
| 14 | AM | LS | Reglan | PO | 6 | | | | | | | | |
| 14 | HS | LW | Reglan | PO | 6 | | | | | | | | |
| 15 | AM | V | Reglan | PO | 6 | | | | | | | | |
| 15 | HS | CL | Reglan 10mg | PO | #6 | | | | | | | | |
| 16 | AM | | Reglan | PO | 6 | | | | | | | | |

| Initial | Signature | Initial | Signature | Initial | Signature | Initial | Signature | Initial | Signature |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | |

Exhibit "7
(13 of 21)
[A 19]

**Problem List Items Addressed This Visit**

Respiratory

**Chronic cough - Primary**

Current Assessment & Plan

Recommend trial of neurogenic medication for possible neurogenic cough. Recommend amitriptyline 10mg QHS x 2 weeks then titrate to 30mg po QHS weekly until 50-60mg to see if patient responds to treatment. I'd be happy to follow him closely to titrate or this can be done through general practitioner's clinic. If easiest for me to titrate and monitor, then I recommend f/u in ENT clinic 1 month




# MEDICATION ADMINISTRATION RECORD · BOSWELL PHARMACY SERVICES
## 814-629-1397 · Fax: 814-629-7644

| EFFECTIVE DATES | MEDICATIONS | HOUR | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 23 | 24 | 25 | 26 | 27 | 28 | 29 | 30 | 31 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

**Original Order** — VITAMIN C 500MG TAB  
AGUINALDO JR, EVARISTO  
TAKE 1 TABLET(S) BY MOUTH DAILY — 0700  
8/2021 / Discontinue 7/2022

56479090  
**Original Order** — XOPENEX HFA 45MCG AER  
SUB FOR: LEVALBUTEROL — BRUCKNER, HELEN  
INHALE 1-2 PUFF(S) BY MOUTH EVERY 6 HOURS AS NEEDED  
N / 8/2021 / Discontinue 3/2021

56498145  
**Original Order** — Colace 100mg cap  
11/21 q day prn  
Discontinue 11/21  
Xlemo

**Original Order** — LASARTAN 50mg PO QD  
1/1/21 / Discontinue 1/12/22  
Dr. Henze ∝ 1 yr

**Original Order** — AMITRIPTYLINE 10mg PO QHS — HS  
12/21 / Discontinue 12/21  
Dr. Henze x 90 DAYS

**Original Order** —

PBO

| Initial | Signature | Initial | Signature | Initial | Signature | Initial | Signature | Initial | Signature |
|---|---|---|---|---|---|---|---|---|---|

Date of Birth or Soc. Sec. No.: 07/02/1958  
Allergies: PENICILLINS, Claritin, Azithromycin, risperiDONE, OLANZapine, QUE  
Facility: STATEVILLE CORR CTR  
Charting for: 05/01/2021 Through: 05/31/2021  

JACKSON, ROMEO B43511  
# 6182LMR (Rev. 08/13)  

Reorder From. MED·PASS 800-438-8884

Diagnosis

uivmefaxp01    4/15/2021 3:08:55 PM PAGE 003 of 66

Exhib.t #7
(15 of 21)
[A21]

UI HOSPITAL
833 S Wood St, Suite B52
CHICAGO IL 60612-7232

Jackson, Romeo M
MRN: 073114555, DOB: 7/2/1958, Sex: M
Visit date: 4/13/2021

## 04/13/2021 - Office Visit in Center for Lung Health Allergy (continued)

**Clinical Notes (continued)**

5. Patient was hypertensive and nitroprusside was given and after SBP reached to 120 mmHg we measured the wedge and PA again. The PCWP was 18 mmHg and the PA pressure was 43/14 with a mean of 26mmHg

**Assessment/Plan:**

Romeo M Jackson is a 62 y.o. malewho comes in for follow up of :

\# Chronic Rhinitis

\# Chronic Cough-- We discussed the differential for chronic cough. Hx and exam consistent with chronic rhinitis as likely etiology for this upper airway cough syndrome along with laryngopharyngeal reflux remaining within differential. He appears to possibly have some cardiac concerns (pHTN) also triggering cough or shortness of breath  Of note, he has completed testing to include laryngoscopy per ENT, CT Chest non con and PFTs as outlined above with unremarkable findings. Low suspicion for asthma; consider eosinophilic bronchitis.
- would recommend consideration of stopping ace inhibitor lisinopril to see if this improves cough but do in conjunction with PCP or cardiology
- obtain Aeroallergen testing (env panel, IgE), lab order provided again today (not completed last time)
- Continue INS (Nasacort) 2 sprays to each nare QDay
- Stop montelukast, not much benefit noted with this
- continue Protonix QDay; advised to time daily dosing 30-60 mins prior to largest meal of day if permissible
- continue management per other providers as well

Patient was instructed on proper use of medications and side effects.

Follow up in 6 weeks

Neha Agnihotri, MD

Total time spent face to face (including in person coordination of care, education of condition, and planning for further management): 20

Total time spent not face-to-face in chart review, documentation, and coordination of care: 8 minutes

Barrier Statement Required:

_x_ The findings and options for management for the problems above were discussed with the patient who has verbalized understanding of the findings, diagnoses, and verbalized understanding and agreement with management plans as documented. Questions were addressed. No barriers to understanding remained after discussion.

Barriers Addressed none

_ Interpreter provided
_ Other learner present (identify):_____
_ Other:_____

Additional Comments:

Electronically signed by Neha Agnihotri, MD at 4/13/2021 12:24 PM

Exhibit #7
(16 - F21)
[A 22]

UI HOSPITAL
833 S Wood St, Suite B52
CHICAGO IL 60612-7232

Jackson, Romeo M
MRN: 073114555, DOB: 7/2/1958, Sex: M
Visit date: 6/22/2021

**06/22/2021 - Office Visit in Center for Lung Health Allergy (continued)**

**Clinical Notes (continued)**

**Labs/Studies:**
PFT 9/2020
**Interpretation:**
Normal post-bronchodilator spirometry
There is no significant response to bronchodilators.
-- Lung volumes: normal
-- Diffusion capacity: normal

CBCdiff reviwed, AEC 200

**ASSESSMENT/PLAN**
Romeo M Jackson  is a 62 y.o. male who comes in for follow up of :



**# Chronic Rhinitis**
**# Chronic Cough**
We discussed the differential for chronic cough. Hx and exam consistent with chronic rhinitis as likely etiology for this upper airway cough syndrome along with laryngopharyngeal reflux remaining within differential. Cardiac catheterization completed in 10/2020 w/ findings significant for pHTN (II) that may be contributing to cough or shortness of breath. Of note, he has completed testing to include laryngoscopy per ENT, CT Chest non con and PFTs as outlined above with unremarkable findings. Low suspicion for asthma; consider eosinophilic bronchitis.
- Aeroallergen testing (env panel, IgE) not completed prior to visit, instructed pt to have done and will CC our team to schedule lab visit
- trial off lisinopril in d/w PCP or cardiologist to see if cough improves
- Continue INS (Nasacort) 2 sprays to each nare QDay
- can DC montelukast as no perceived benefit
- Continue Protonix QDay; advised to time daily dosing 30-60 mins prior to largest meal of day if permissible
- Continue management per other providers as well


Patient was instructed on proper use of medications and side effects.

Follow up in 3 months


Total time spent face to face (including in person coordination of care, education of condition, and planning for further management): 15
Total time spent not face-to-face in chart review, documentation, and coordination of care: 10 minutes

Barrier Statement Required:
_x_ The findings and options for management for the problems above were discussed with the patient who has verbalized understanding of the findings, diagnoses, and verbalized understanding and agreement with management plans as documented. Questions were addressed. No barriers to understanding remained after discussion.



Exhibit 7
(17 of 21)
[A 23]

UI HOSPITAL
833 S Wood St, Suite B52
CHICAGO IL 60612-7232

Jackson, Romeo M
MRN: 073114555, DOB: 7/2/1958, Sex: M
Visit date: 10/18/2021

## 10/18/2021 - Office Visit in Center for Lung Health Allergy (continued)

### Clinical Notes (continued)

| | |
|---|---|
| <=0.34 kU/L | |
| Box-Elder IgE <=0.34 kU/L | <0.10 |
| Allergen, Tree, Cottonwood Tree IgE <=0.34 kU/L | <0.10 |
| Elm IgE <=0.34 kU/L | <0.10 |
| Sycamore Tree IgE <=0.34 kU/L | <0.10 |
| Red Cedar IgE <=0.34 kU/L | <0.10 |
| Allergen, Tree, White Mulberry Tree IgE <=0.34 kU/L | <0.10 |
| Allergen, Tree, Oak Tree IgE <=0.34 kU/L | <0.10 |
| Pecan Hickory Tree IgE <=0.34 kU/L | <0.10 |
| Allergen, Tree, Walnut Tree IgE <=0.34 kU/L | <0.10 |
| White Ash IgE <=0.34 kU/L | <0.10 |
| Common Pigweed IgE <=0.34 kU/L | <0.10 |
| Common Ragweed IgE <=0.34 kU/L | <0.10 |
| Rough Marshelder IgE <=0.34 kU/L | <0.10 |
| Prickly Saltwort/Russian Thistle IgE <=0.34 kU/L | <0.10 |
| Mouse Epithelium IgE <=0.34 kU/L | <0.10 |
| Allergen, Fungi/Mold, M. racemosus IgE <=0.34 kU/L | <0.10 |



### Assessment/ Plan:
Romeo M Jackson is a 63 y.o. malewho comes in for follow up of :

# Chronic Rhinitis
# Chronic Cough
We discussed the differential for chronic cough. Hx and exam consistent with chronic rhinitis as likely etiology for this upper airway cough syndrome along with laryngopharyngeal reflux remaining within differential. Cardiac catheterization completed in 10/2020 w/ findings significant for pHTN (II) that may be contributing to cough or shortness of breath. Allergy testing negative. Of note, he has completed testing to include laryngoscopy per ENT, CT Chest non con and PFTs as outlined above with unremarkable findings. Low suspicion for asthma; consider eosinophilic bronchitis if not improved. Improving currently with nuerogenic cough treatment
- Aeroallergen testing (env panel, IgE) negative
- Continue INS (Nasacort) 2 sprays to each nare QDay
- Continue Protonix, dosing per PCP
- Continue management per other providers as well ---needs ENT follow up, last seen March 2021 and requested one

A23

# MEDICATION ADMINISTRATION RECORD



**BOSWELL PHARMACY SERVICES**
814-629-1397 • Fax: 814-629-7644





| EFFECTIVE DATES | MEDICATIONS | HOUR | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 23 | 24 | 25 | 26 | 27 | 28 | 29 | 30 | 31 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| riginal Order '12/2021 scontinue 11/2022 # 56585795 | **METFORMIN 500MG TAB** SUB FOR: GLUCOPHAGE  AGUINALDO JR, EVARISTO TAKE 1 TABLET(S) BY MOUTH TWICE A DAY | 0700 1900 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| riginal Order 28/2021 scontinue )/24/2021 # 56556850 | **METOCLOPRAMIDE 10MG TAB** SUB FOR: REGLAN          HENZE, MARLENE TAKE 1 TABLET(S) BY MOUTH TWICE A DAY | 0700 1900 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| riginal Order 28/2021 scontinue )/24/2021 # 56556352 | **MONTELUKAST 10MG TAB** SUB FOR: SINGULAIR         HENZE, MARLENE TAKE 1 TABLET(S) BY MOUTH DAILY | 0700 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| riginal Order RN 28/2021 scontinue )/24/2021 # 56556366 | **NITROGLYCERIN 0.4MG SUB**          HENZE, MARLENE PLACE 1 TABLET UNDER TONGUE EVERY 5 MIN AS NEEDED FOR CHEST PAIN *MAX 3 DOSES PER EPISDOE* | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| riginal Order 28/2021 scontinue )/24/2021 #56556352 — NFA Expires: 8/11/202 | **PANTOPRAZOLE 40MG TAB** SUB FOR: PROTONIX         HENZE, MARLENE TAKE 1 TABLET(S) BY MOUTH TWICE A DAY | 0700 1900 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| riginal Order 28/2021 scontinue )/24/2021 #56556 | **TAB-A-VITE TAB** SUB FOR: MULTIVITAMIN      HENZE, MARLENE TAKE 1 TABLET(S) BY MOUTH DAILY | 0700 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |

| tial Signature | | Initial Signature | | Initial Signature | | Initial Signature |
|---|---|---|---|---|---|---|
| A24 | | | | | | |

| ation | Date of Birth or Soc. Sec. No. | Allergies | | | |
|---|---|---|---|---|---|
| 3423 ate Name and Number | 07/02/1958 | PENICILLINS, Claritin, QUEtiapine Fumarate | | | Diagnosis |
| ACKSON, ROMEO  B43511 | | Facility STATEVILLE CORR CTR | Charting for 08/01/2021 | Through 08/31/2021 | |

# 6182LMR  (Rev. 08/13)

# MEDICATION NOTES

| INSTRUCTIONS: | | INJECTION SITE CODES: | | | RESULT CODES: | NON ADMINISTERED MEDICATION REASON CODES: |
|---|---|---|---|---|---|---|
| · Initial appropriate box when medication or treatment is given. <br> · Circle initials when medication or treatment is refused. <br> · State reason for refusal under Medication Notes. <br> · State reason and result for PRN Medication or Treatment. <br> · Indicate injection site with appropriate code. | | 1. Abdomen Left <br> 2. Abdomen Right <br> 3. Arm (Deltoid) Left <br> 4. Arm (Deltoid) Right | 5. Buttocks (Gluteus) Left <br> 6. Buttocks (Gluteus) Right <br> 7. Thigh (Quadriceps) Left <br> 8. Thigh (Quadriceps) Right | 9. Upper Back Left <br> 10. Upper Back Right <br> 11. Upper Chest Left <br> 12. Upper Chest Right | A. Effective <br> B. Slightly Effective <br> C. Ineffective <br> D. No Effect Observed | 1. Refused by Inmate <br> 2. Inmate did not show <br> 3. Inmate not in cell <br> 4. Security lockdown <br> 5. Medication held (state reason) <br> 6. Medication out of stock |

| DATE | TIME | INIT. | MEDICATION - DOSE | ROUTE | REASON | RESULT | DATE | TIME | INIT. | MEDICATION - DOSE | ROUTE | REASON | RESULT |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 3/12 | pm | | Protonix | po | 6 | | | | | | | | |
| 8/13 | am | | Protonix | PO | 6 NPSent | | | | | | | | |
| 3/14 | a | | Protonix | PO | 8 | | | | | | | | |
| 8/16 | pm | | Protonix | PU | 6 | | | | | | | | |
| 8 | pm | | Protonix | PO | 6 | | | | | | | | |

A25

| Initial | Signature | Initial | Signature | Initial | Signature | Initial | Signature | Initial | Signature |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | |

 Form # 6182LMR    Reorder From MED·PASS 800-438-8884   INH031801B

# MEDICATION NOTES

| INSTRUCTIONS: | INJECTION SITE CODES: | | RESULT CODES: | NON ADMINISTERED MEDICATION REASON CODES: |
|---|---|---|---|---|
| • Initial appropriate box when medication or treatment is given.<br>• Circle initials when medication or treatment is refused.<br>• State reason for refusal under Medication Notes.<br>• State reason and result for PRN Medication or Treatment.<br>• Indicate injection site with appropriate code. | 1. Abdomen Left<br>2. Abdomen Right<br>3. Arm (Deltoid) Left<br>4. Arm (Deltoid) Right | 5. Buttocks (Gluteus) Left<br>6. Buttocks (Gluteus) Right<br>7. Thigh (Quadriceps) Left<br>8. Thigh (Quadriceps) Right | 9. Upper Back Left<br>10. Upper Back Right<br>11. Upper Chest Left<br>12. Upper Chest Right | A. Effective<br>B. Slightly Effective<br>C. Ineffective<br>D. No Effect Observed | 1. Refused by Inmate<br>2. Inmate did not show<br>3. Inmate not in cell<br>4. Security lockdown<br>5. Medication held (state reason)<br>6. Medication out of stock |

| DATE | TIME | INIT. | MEDICATION - DOSE | ROUTE | REASON | RESULT | DATE | TIME | INIT. | MEDICATION - DOSE | ROUTE | REASON | RESULT |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| -8 | AM | CL | AM Meds | PO | 2/3 | | | | | | | | |
| 1/28 | HS | HE | Protonix | PO | 6 | | | | | | | | |
| -/29 | AM | HE | Protonix | PO | 1 | | | | | | | | |
| 1/24 | HS | HE | Protonix | PO | 6 | | | | | | | | |

A 26

(illegible handwritten notes) A 26

| Initial | Signature | Initial | Signature | Initial | Signature | Initial | Signature | Initial | Signature |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | |

Form # 6182LMR    Reorder MED·PASS 800-438-8884    INH031801B

Exhibit #7
(21 of 21)
CA 27 J

UI HOSPITAL
833 S Wood St, Suite B52
CHICAGO IL 60612-7232

Jackson, Romeo M
MRN: 073114555, DOB: 7/2/1958, Sex: M
Visit date: 11/11/2021

**11/11/2021 - Office Visit in Orthopaedics and Sports Medicine (continued)**

**Clinical Notes (continued)**

Occupational History
- Not on file

Tobacco Use
- Smoking status:          Former Smoker
  - Years:                 5.00
  - Quit date:             2007
  - Years since quitting:  14.8
- Smokeless tobacco:       Never Used

Vaping Use
- Vaping Use:              Never used

Substance and Sexual Activity
- Alcohol use:             Not Currently
- Drug use:                Never
- Sexual activity:         Not on file



**Physical Exam:**
General: alert, oriented, cooperative, no distress
Head: normocephalic, atraumatic
Eyes: EOM intact, sclera anicteric
Chest: Nonlabored respirations, no audible wheezes or stridor
Heart: regular rate and rhythm as determined by pulses
Musculoskeletal:
Ortho Exam
Focused examination of left knee
Inspection reveals no obvious erythema, ecchymosis, swelling, deformity.
Tenderness to palpation over the patella. Nontender palpation of the mediolateral joint line.
Flexion to 100° and extension to 0° with pain at terminal flexion. Crepitus felt throughout range of motion.
Sensation intact to light touch in L3-S1 nerve distributions.
5/5 strength TA, EHL, GS.
DP pulse 2 +.
Knee stable to varus and valgus stress.
Able to straight leg raise
Patellar apprehension test positive.

**Results Reviewed:**
Radiographs of the patient were reviewed and interpreted independently by us. Demonstrate no obvious fractures or
dislocations. Well-maintained joint space both medially and laterally.

**Assessment/Plan:**
63 y.o. male presenting with symptoms consistent with patellar chondromalacia. At this point in time we would
recommend physical therapy working on VMO strengthening. We would also recommend use of Voltaren gel. Patient
is interested in a brace to help with his pain and we would recommend obtaining a Shields brace from Scheck and
Siress. All questions were answered to patient's satisfaction and patient expressed understanding of above plan.

A 27